Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
155 Montgomery Street, Suite 1004
San Francisco, California 94104
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
ecf@stjames-law.com

Proposed Counsel for Debtor

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>BIJOU-MARKET, LLC<br><br>Debtor | Case No. 06-30118 TC<br>Chapter 11 |

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF COUNSEL**
**(St. James Law, P.C.)**

The Application of Bijou-Market, LLC, Debtor and Debtor-in-Possession, for an Order authorizing it to employ St. James Law, P.C. as its counsel herein ("Proposed Counsel") respectfully represents as follows:

1. On February 28, 2006, Bijou-Market, LLC filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, initiating the above case. No Trustee has been appointed, and Bijou-Market, LLC operates its business as Debtor in Possession pursuant to 11 U.S.C. §1101 *et seq.*

***Events Leading to the Bankruptcy Filing***

2. The Debtor operates two live adult theaters, the Market Street Cinema and LaGals on opposite sides of the 800 block of Market Street in San Francisco. Although profitability could certainly improve, the Debtor generated net profits of approximately $100,000 in 2005. The Debtor's operating business is sound and viable, and no restructuring of its operations is required in order to successfully reorganize.

3. The Debtor has commenced this case to address and resolve the claims asserted in *Roe v. Bijou-Century, LLC et al.* (the "Minami Lawsuit") prosecuted by the Minami, Lew & Tanaki law firm. The Minami Lawsuit is a nascent Dancer Class Action; class action certification has not, as yet been sought.

***Dancer Class Actions***

4. The live adult theater industry has been hit in recent years by a number of Dancer Class Action lawsuits. They follow a predictable pattern:

a. The Plaintiffs' counsel alleges some form of violation of employment laws respecting the treatment of dancers generally.

b. The Plaintiffs' counsel advocates the highest possible hypothetical aggregate damages by estimating the aggregate claims a given dancer might successfully assert and then multiplying that by the largest possible universe of potential dancer claimants.

c. The Plaintiff's counsel then asserts a claim for attorney's fees amounting to one-third of this hypothetical aggregate liability. (This is equivalent to the "standard" fee of 25% of the aggregate – hypothetical liability plus fees – "common pool.")

d. Dancers are *then* solicited to file claims against the funds. Dancer claims actually asserted against the fund are routinely a small fraction (e.g., less than 5%) of the hypothetical aggregate liability.

5. The actual material economic beneficiary of the Dancer Class Action is class action counsel, and not the class of Dancers they purport to represent.

6. Three recent Dancer Class Action cases illustrate the foregoing:

a. In *Siefred v. Centerfolds* only 42 out of 2822 class members participated in the settlement fund. Plaintiffs' counsel received five times the aggregate distributed to class members, and the residue of the settlement fund – amounting to three time the distribution to class members – was ordered paid to charity.

b. In *Alger v. New Wave* only 19 out of 250 class members participated in the settlement fund; the vast majority of the fund was paid to Plaintiffs' counsel.

c. In *Cadena v. Déjà Vu* only 12 dancers consented to being contacted by Plaintiffs' counsel, notwithstanding court-ordered daily handouts for a continuous 30 day period in 24 nightclubs.

***The Minami Lawsuit***

7. The Minami Lawsuit appears entirely consistent with the Dancer Class Action pattern. Its core allegations are that a former manager implemented a practice of forced tip-outs and that dancers were permitted to work longer hours than the hours for which they received wages (gratuities constitute the primary economic focus for dancers). The Debtor has long since taken corrective measures such that neither complaint applies to its current operations.

8. Through the Minami Lawsuit, however, the Plaintiffs assert aggregate hypothetical claims of more than $66 million, and a correspondingly breathtaking attorney's fee claim.

9. Clearly, if these assertions represent realistic measures of liability, a business that generates $100,000 of annual profits cannot satisfy them. Indeed, the instant bankruptcy case was filed

because the Debtor cannot afford to fund the readily anticipated attorneys fees associated merely with defending the Minami Lawsuit.

10. The Debtor does not believe, however, that the Plaintiff's claims represent realistic measures of its liability so much as measures of the Minami firm's avarice. The Debtor believes that the actual claims that will be asserted by proposed class members will be minor in scope.

***Proposed Reorganization***

11. The Debtor proposes to solicit Dancer Claims in as thorough a manner as the Court deems fitting and appropriate. Following the Claims Bar Date, if the Debtor's expectations prove correct, the Debtor will be able to propose payment in full as the basis for dismissal of the case or confirmation of a Plan of Reorganization. In any event, it will be impossible to effect a reorganization without a realistic estimate of the Debtor's aggregate liabilities.

***Proposed Counsel***

12. The Debtor requires the assistance of Chapter 11 counsel with respect to:

a. The requirements of the Bankruptcy Code respecting its operation as a Debtor in Possession;

b. The requirements of the Office of the United States Trustee respecting operating matters and the filing of reports;

c. The administration of claims, including the solicitation of a claims bar date and evaluation of timely filed Proofs of Claim;

d. The formulation and prosecution of a Plan of Reorganization; and

e. To provide it with general counsel and representation in the course of its Chapter 11 proceedings.

13. The Debtor wishes to employ St. James Law, P.C. (the "Proposed Counsel") and specifically, Michael St. James, its sole shareholder and officer, to act as its Chapter 11 counsel. The Debtor believes that Proposed Counsel has suitable expertise and experience with respect to Chapter 11 law.

14. Proposed Counsel charges for its services on an hourly rate basis. Proposed Counsel's employee primarily responsible for this representation is Michael St. James, whose current rate is $475 per hour. The Debtor and Proposed Counsel believe that this rate is consistent with current market rates for professionals with similar experience and expertise. Proposed Counsel may retain additional persons from time to time to assist in this representation.

15. Proposed Counsel received a pre-petition retainer of $50,000.00 on account of services to be rendered herein.

16. The Debtor has agreed to pay such other and further fees and reimbursement of costs as the Court may award and allow to Proposed Counsel from time to time.

17. Proposed Counsel has no connections with the Debtor, creditors, shareholders, parties in interest or employees of the Office of the United States Trustee, except as disclosed in the accompanying Declaration.

18. As a general rule, Proposed Counsel's billing practices are identical for bankruptcy and non-bankruptcy clients. The hourly rates on which Proposed Counsel bases its fees are based on the services it will provide, but are generally identical for bankruptcy and non-bankruptcy clients. The costs charged to bankruptcy clients when paid from a bankruptcy estate are either identical to or less than the costs charged to non-bankruptcy clients.

19. Proposed Counsel is in compliance with the Guidelines promulgated by the U.S. Bankruptcy Court. It does not charge for internal expenses, other than postage and photocopying at $0.10 per page, its cost. Proposed Counsel charges as expenses only direct, out-of-pocket amounts paid to third parties, without mark-up.

20. Proposed Counsel has not shared nor agreed to share any compensation paid or payable by the Debtor with any other entity.

WHEREFORE, Applicant prays that the Court make and enter its order:

1. Authorizing and approving the employment of Proposed Counsel to act as the Debtor's Chapter 11 counsel herein; and

Case: 06-30118 Doc# 4 Filed: 03/01/06 Entered: 03/01/06 11:30:01 Page 5 of 6

2. Granting such other and further relief as may be just and proper.

Respectfully submitted,

BIJOU-MARKET, LLC

By LITTLE DARLINGS OF SAN FRANCISCO, LLC
Its Management Member

DATED:

By [signature]
Joseph Carouba, Managing Member

DATED: February 28, 2006

ST. JAMES LAW, P.C.

By: _/s/ *Michael St James*_.
Michael St. James
Proposed Counsel for the Debtor