Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
155 Montgomery Street, Suite 1004
San Francisco, California 94104
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
ecf@stjames-law.com

Counsel for Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

BIJOU-MARKET, LLC

        Debtor

Case No. 06-30118 TC
Chapter 11

DATE: June 19, 2006
TIME: 9:30 a.m.
JUDGE: Hon. Thomas Carlson

# DECLARATION OF JOSEPH CAROUBA IN SUPPORT OF

# MOTION TO ASSUME CERTAIN CONTRACTS

Case: 06-30118   Doc# 61   Filed: 05/19/06   Entered: 05/19/06 11:06:32   Page 1 of 13

I, Joseph Carouba, declare under penalty of perjury:

1. I am the Managing Member of Little Darlings of San Francisco, LLC, which is the sole member of Bijou-Market LLC, Debtor and Debtor in Possession (the "Debtor"). I have been designated as the Responsible Individual for the Debtor. I make this Declaration of my own personal knowledge, and if called as a witness I could and would competently testify as follows:

2. The Debtor operates a live adult theater known as the Market Street Cinema at premises located at 1075 Market Street, San Francisco (the "Premises"). The City of San Francisco determined that the Premises do not comply with applicable fire and safety codes, and required the Debtor to install a sprinkler system and other appropriate improvements to the Premises (the "Fire Improvements"). Under the terms of the Debtor's long-term lease of the premises, the Debtor is required to fund the cost of such improvements.

3. The Debtor contracted with Mazzy's Fire Protection Specialists to install the Fire Improvements. A true and correct copy of that contract (the "Mazzy's Contract") is attached hereto as Exhibit A. Mazzy's commenced performance under the Mazzy's contract pre-petition, but suspended performance when the Debtor advised it that it could not fund invoices for pre-petition work post-petition without a Court Order.

4. The entire estimated cost of the Mazzy Contract is approximately $240,000, of which the Debtor has already paid $169,539.84. I do not believe that any other company could complete the installation of the Fire Improvements at an aggregate cost less than the outstanding balance on the Mazzy's Contract. Moreover, there could be unfortunate consequences were the City to conclude that the Debtor was unnecessarily delaying the installation of the Fire Improvements. I understand that the City has already expressed concern to Mazzy about the completion of the Fire Improvements.

5. The Debtor has therefore concluded that it would be in the best interests of creditors and the estate to assume the Mazzy Contract.

Case: 06-30118   Doc# 61   Filed: 05/19/06   Entered: 05/19/06 11:06:32   Page 2 of 13

6. The Debtor maintains no bookkeeping or accounting functions, and has no employees who are responsible for effecting bookkeeping or accounting efforts. Rather, the Debtor has outsourced all of its bookkeeping, accounting and payroll functions to be performed by Consolidated Bookkeeping.

7. The Debtor deposits its daily receipts for each of its Clubs to its bank account. Consolidated Bookkeeping accesses the deposit information from that bank account and on that basis identifies the Debtor's revenues.

8. Consolidated Bookkeeping effects periodic check runs for the Debtor. Consolidated Bookkeeping prepares and delivers to the Debtor checks respecting all regular recurring expenses (e.g., rent) on a routine basis. The Debtor's management calls in or faxes to Consolidated Bookkeeping irregular or fluctuating expenses (e.g., invoice for attorney's fees) and Consolidated Bookkeeping issues and delivers to the Debtor the appropriate check.

9. Consolidated Bookkeeping also handles all payroll functions for the Debtor. Many of the Debtor's employees are compensated on an hourly rate basis. Again, the Debtor's management calls in or faxes to Consolidated Bookkeeping the hours worked by each employee during the pay period and Consolidated Bookkeeping calculates the pay and appropriate withholding taxes, issues and delivers to the Debtor checks for the net payroll, and effects the deposit of all appropriate payroll taxes to the appropriate taxing entities.

10. On a monthly basis, Consolidated Bookkeeping compiles information regarding its receipts and disbursements and prepares that information in the form of financial statements. Consolidated Bookkeeping also prepares the Debtor's tax information as appropriate. (Because the Debtor is a single member LLC, it is not required to file income returns; instead, its income tax circumstances are reflected on a schedule to its sole Member's income tax return.)

11. Consolidated Bookkeeping performs the foregoing tasks pursuant to a contract, a copy of which is attached hereto as Exhibit B, under which it receives compensation for those services at a flat monthly rate. The current monthly rate under the contract is $3,600.00 per month.

12. The Bookkeeping Contract also provides that Consolidated Bookkeeping may perform special projects for the Debtor from time to time, for which it can charge an additional fee. In the five years of operation under the Bookkeeping Contract pre-petition, there has never been a special project charge. On the other hand, it is possible that there will be special project charges for work arising in the future.

I declare under penalty of perjury according to the laws of the United States of America that the foregoing is true and correct and that this declaration was executed in San Francisco, California on May __, 2006.

_____
Joseph Carouba

DECLARATION IN SUPPORT OF
MOTION TO ASSUME CERTAIN CONTRACTS                                                    4

# Exhibit A

Mazzy's Contract

*Proposal*         **Mazzy's**        *Proposal*

**Fire Protection Specialists**
2551 West Winton Ave, Suite 6-O, Hayward, CA, 94545
1-888-462-9997
Fire Protection Engineering Contractor License Number 502015

---

**Proposal Submitted:** Bijou LLC      **Phone:**      **Date:** 05/11/05
Market St Cinema
**Street:**      **Job Name:** Market St Cinema
1075 Market St
**City, State and Zip Code:**      **Job Location:**      **Contact:**
San Francisco, CA      1075 Market, SF

---

### *PROPOSAL AND OFFER TO ENTER INTO CONTRACT*

Mazzy's Fire Protection Specialists (hereafter "Mazzy's") proposes to Market Street Cinema (hereafter "Customer") as follows:

### SCOPE OF WORK

Mazzy's will provide material and labor with the purpose and intent of installing a functional fire system that is compliant with the City of San Francisco based on approved plans and field inspections. Areas within the above mentioned address have very high ceilings which require scaffolding or other safe means in order to complete this project as mentioned. Access to all areas along with and including scaffolding, cutting open of ceilings, safing equipment will be provided by others. All structural issues or concerns shall be addressed and satisfied by others prior to our arrival.

### PRICE AND COST BREAKDOWN

Mazzy's will perform the above-described scope of work for the sum of Time and Material bases. The break down of the costs of this work is as follows: Material will have a mark up of 25%. Labor will be based on and billed at a rate of $105.00 per man-hour. Overtime or hours worked outside of the 8:00am to 5:00pm time slot will be billed at $157.50 per hour.

### TIME OF COMMENCEMENT AND COMPLETION

Mazzy's anticipates that it will begin work starting when plans have been approved by the City and that the scope of work set forth above will be completed on a time and material bases with no set time of completion known.

Case: 06-30118   Doc# 61   Filed: 05/19/06   Entered: 05/19/06 11:06:32   Page 6 of 13

## SCHEDULE OF PAYMENTS

Billing will occur weekly based on time and material provided for that given week. Payment will be due prior to the following weeks billing. A material and labor allowance will be provided in advance. Material advance shall consist of a payment of $32,500.00 and a labor advance of $40,000.00 These payments will be held by Mazzy's and drawn from each week. No material will be purchased beyond the original advance. Mazzy's will provide updated material costs as the original advance becomes used. All weekly billings will provide updated weekly accounting of all prior work completed.

## ADDITIONAL TERMS AND CONDITIONS

1. **Receipt of Copy.** Customer acknowledges receipt of copy, and that upon acceptance Customer agrees to all conditions of this proposal and, in particular, any paragraphs which limit liability for any particular service Mazzy's will be performing for Customer.

2. This proposal may be withdrawn by Mazzy's if not accepted within 30 days. Acceptance shall mean the return of the signed Agreement together with deposit required in Schedule Of Payments.

3. Upon Customer's acceptance this proposal becomes a binding contract.

4. **Attorney Fees.** If either party to this Agreement becomes involved in arbitration or litigation arising from this contract or the performance of it, the court or tribunal in such arbitration or litigation or in separate suit shall award reasonable costs and expenses of arbitration and litigation, including expert witness fees and attorney fees, to the prevailing party or parties.

5. **Corrective or Repair Work.** If corrective or repair work of a minor nature remains undone by Mazzy's after the project is ready for occupancy, Mazzy's shall perform the work expeditiously and Customer shall not withhold any payment pending completion of such work. If major items of corrective or repair work remain undone after the building is ready for occupancy, the cost of which aggregates more than 5 percent of the gross contract price, Customer, pending completion of the work, may withhold payment of a sufficient amount to pay for completion of the work, but shall not withhold any greater amount.

6. **Right to Stop Work.** Mazzy's may stop work if any payment, including any payment for extra work or change orders, is not made to Mazzy's as agreed to under this contract. If such nonpayment occurs, Mazzy's may keep the job idle until all payments are received.

7. **Restaging Charges Due to Stop Work/Change Order For Additional Costs.** If Mazzy's is forced to stop work for 3 or more days through no fault of Mazzy's, Mazzy's will recommence work only upon Customer's payment of a restaging charge of $500.00. Furthermore, if said delay causes Mazzy's to recommence work under different site conditions which results in higher labor and/or materials costs to Mazzy's to complete the work under this contract, Mazzy's and Customer shall execute a change order providing for payment to Mazzy's for the reasonable value of these additional costs.

8. This proposal assumes that the commencement of Mazzy's installation work will be as follows: City approval of plans. Mazzy's reserves the right to rescind this proposal and any contract based thereon should the commencement of Mazzy's work not occur within the aforesaid time frame due to no fault of Mazzy's.

9. Mazzy's shall not be held liable for delays caused by Building Department or Fire Department plan check procedures or caused by Customer or any other cause not under Mazzy's control.

10. **Final Payment Waives Claims:** Customer, by making final payment under this contract, waives any claim that it may have against Mazzy's for damages from defects that are known to the Customer or apparent from reasonable inspection at the time final payment is made.

Mazzy's Authorized Signature _____ Date 5/15/05

Customer's Authorized Signature _____ John Espall ___ Date 5-__-05

Sign proposal and return by mail or fax to 1-510-785-1622

Case: 06-30118   Doc# 61   Filed: 05/19/06   Entered: 05/19/06 11:06:32   Page 8 of 13

# Mazzy's
## Fire Protection Specialists
2551 West Winton Ave, Suite 6-O, Hayward, CA, 94545
1-888-462-9997
Fire Protection Engineering Contractor License Number 502015

1 of 2

**Proposal Submitted:**
Bijou LLC
**Street:**
1075 Market St
**City, State and Zip Code:**
San Francisco, CA

**Phone:**            **Date:**
                      05/11/06
**Job Name:**
Market St Cinema
**Job Location:**     **Contact:**
1075 Market, SF       John Espedal

Dear John,

Attached is the breakdown/balance due to get this account into present time.

Please feel free to call me if you should have any questions.

Sincerely,

Mike Creech
Mazzy's Fire Protection
415-724-7220

PHILLIPS, ERLEWINE & GIVEN LLP
RECEIVED

MAY 11 2006

☐ DCP    ☐ SCM    ☐ YYC
☐ RSE    ☐ JAM    ☐ FILE
☐ DMG    ☐ GAG    ☐ CALENDAR
☐        ☐        ☐

To Michael St James
391-7568

*Proposal*         # Mazzy's    (9360)     *Proposal*

**Fire Protection Specialists**
2551 West Winton Ave, Suite 6-O, Hayward, CA, 94545
1-888-462-9997
Fire Protection Engineering Contractor License Number 502015

---

Date 6/23/05

Billing/Statement Bijou LLC
C/o John Espedal

Fax/Phone 415-398-0911

Street 1075 MarketStreet

Job Name Market St. Cinema

San Francisco CA 94130

Job Location 1075 Market St. Confirm Reid

DIANA SIMMONS [X]

---

### PRICE AND COST BREAKDOWN

**Intial Payment to begin work:**

Material down payment: $25,000.00
Material mark up          $7,500.00

Material payment due:   $32,500.00
Material payment         $31,500.00
Material Balance                                   < $1,000.00 OK

Labor down payment:    $40,000.00
Labor Balance:                $0.00

---

**Current statement up to 6/17/05**
Material ordered to date:   $13,575.97   (+$11,424.03)
                                                          (-$1,000.00)
                          Balance              (+10,424.03)
Labor hours to date:       $48,483.75    (-$8,483.75)
Material Net Balance as of 6/17/05        +$10,424.03
Labor Net Balance as of 6/17/05           -$8,483.75

NEED CHECK BY THURSDAY

**Billing as of 6/17/05:**
480 man hours pre-billing at 105.00 per hour      $58,883.75
($480 \times \$105.00 = \$50,400.00) + (\$8,483.75)$
(4 men at 40=160 hrs. x 3 weeks = 480 hours)
Net Balance due as of 6/17/05                     $48,500.00

## 1075 Market St.

2/2

**First Phase:** 72,500.00 Billed    71500.00 Received

Budgeted Breakdown: Material 31,250.00 Labor 40,000.00
Actual                            33,500.00       62,362.50

**Second Phase:** 47,500.00 Billed  48,500.00 Received

Budgeted Breakdown: Material 8,250.00 Labor 39,920.00
Actual                            8,250.00        21,945.00

**Third Phase:** 41,639.16 Billed 41,639.16 Received

Budgeted Breakdown: Material 6,625.00 Labor 34,749.16
Actual                            6,625.00       105,000.00 - 10,500.00 = 94,500.00
                                                              (contested)

**Fourth Phase:** Billed 46106.00 + 16,000.00 (retails) 7,900.00 Received

Total hours to date Labor 1831 – 100 contested hours = 1731 X 105.00 = 181,755.00
Total Materials to date: 48,375.00

Total due to date: **230,130.00**

Paid to date:
71,500.00
48,500.00
41,639.16
7,900.00
+ 10,000—
Total Received to date: **169,539.16** + 10K = 179,539.16

230,130.00 – 169,539.16 = 60,590.84

Amount Owed to date 60,590.84 + 10,920.00 (estimated to complete 1st Floor.) + 16,000.00 (retails) = **87,510.84**

— 10 —
77,510.84

Case: 06-30118   Doc# 61   Filed: 05/19/06   Entered: 05/19/06 11:06:32   Page 11 of 13

# Exhibit B

Bookkeeping Contract

# CONSOLIDATED BOOKKEEPING
## & MANAGEMENT SERVICES INC.

May 3, 2000

Bijou-Market, LLC
dba LaGals
471 Broadway
San Francisco, CA 94133

This letter is to confirm our understanding of the terms and objectives of our engagement and the nature and limitations of the services we provide.

We will compile, from information you provide, monthly statements of assets, liabilities, and retained earnings, tax-basis of Bijou-Market, LLC and the related statements of revenues and expenses-tax basis. We will not audit or review such financial statements.

We will prepare Federal and State tax returns.

Our engagement cannot be relied upon to disclose errors, irregularities, or illegal acts, including fraud or defalcations that may exist. However, we will inform you of such matters that come to our attention.

Our fees for these services will be $1,500 per month. Should services other than those covered by this letter be required or requested, their extent and the additional fees will be discussed before the work is performed.

If the foregoing is in accordance with your understanding, please sign the copy of this letter in the space provided and return it to us.

Sincerely,

*Diana S. Webb*

Diana S. Webb, CPA
Controller
Consolidated Bookkeeping and Management Services, Inc.

Officer: _____

Date: 5/5/00

Post Office Box 2602    Seattle WA 98111    TEL (206) 328-7249    FAX (206) 328-1490

TOTAL P.01