1 DONNA TAMANAHA, Assistant U.S. Trustee (WI#1013199)
PATRICIA A. CUTLER, Trial Attorney (#50352)
2 EDWARD G. MYRTLE, Trial Attorney (DC#375913)
JULIE M. GLOSSON, Trial Attorney (#230709)
3 U.S. Department of Justice
Office of the United States Trustee
4 235 Pine Street, Suite 700
San Francisco, CA 94104
5 Telephone: (415) 705-3333
Facsimile: (415) 705-3379
6
Attorneys for Acting United States Trustee
7 SARA L. KISTLER

8 UNITED STATES BANKRUPTCY COURT

9 NORTHERN DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| 11 In re | ) | No. | 06-30118 TEC 11 |
| | ) | | |
| 12 **BIJOU-MARKET, LLC,** | ) | Chapter 11 | |
| | ) | | |
| 13 Debtor. | ) | Dated: | June 19, 2006 |
| | ) | Time: | 9:30 a.m. |
| 14 | ) | Courtroom: | Hon. Thomas E. Carlson |
| | ) | | 235 Pine Street, Courtroom 23 |
| 15 _____ | ) | | San Francisco, CA |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO ASSUME CERTAIN CONTRACTS (BOOKKEEPING CONTRACTS)**

Sara L. Kistler, Acting United States Trustee for the Northern District of California, hereby objects to the Debtor's Motion to Assume Certain Contracts, specifically the Bookkeeping Contracts. The debtor seeks to assume two bookkeeping contracts: Consolidated Bookkeeping and Compupay[1]. This objection applies to both contracts.

**I.  THE BOOKKEEPER CONTRACTS SHOULD NOT BE ASSUMED BECAUSE THEY ARE NOT EXECUTORY CONTRACTS UNDER SECTION 365.**

---

[1] Compupay is not disclosed on Schedule G - Executory Contracts - and does not appear on the schedules or Statement of Financial Affairs. It is unclear whether Compupay is a separate entity or a subsidiary of Consolidated. The Motion makes reference to two (2) contracts but the Declaration of Mr. Carouba makes no mention of Compupay and states that "Consolidated Bookkeeping also handles all payroll functions for the Debtor." (At paragraph 9.) The only document produced as the alleged contract is a letter from Consolidated.

UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO ASSUME CERTAIN CONTRACTS
(BOOKKEEPING CONTRACTS)                                                                                                                            - 1 -

Section 365 of Title 11 of the United States Code ("<u>Bankruptcy Code</u>") permits the assumption of executory contracts. Executory contracts are generally those contracts on which performance remains due on both sides. *See, In re America West Airlines, Inc.,* 179 B.R. 893 (Bankr.D.Az. 1995). An "executory contract" is a contract where "the obligations of both parties are so far unperformed that the failure of either party to complete performance would constitute a material breach and thus excuse the performance of the other." *In re Texscan Corp.,* 976 F.2d 1269, 1272 (9th Cir. 1992). While the issue of whether a contract is executory is governed by federal law, the issue of performance and breach is a question of state law. *See*, *In re Wegner,* 839 F.2d 533, 536 (9th Cir. 1988).

First, it is unclear whether the bookkeeper contracts are executory contracts within the meaning of the Bankruptcy Code.

Here, the bookkeeper contract attached as Exhibit B to the *Declaration of Joseph Carouba* appears to be an engagement letter confirming an understanding of services to be provided to the debtor. The duties of the parties are not so unperformed because a new duty arises with each passing month. Presumably, the contract could terminate at the end of each month without constituting a material breach. Consolidated does not appear to have an enforceable promise against the debtor beyond a one month term. Consolidated has a right to payment after services are rendered but cannot compel the debtor to use Consolidated's accounting services.

Second, and most significantly, the assumption of the bookkeeper contract appears to be an attempt by the debtor to circumvent the requirements of professionals to disclose affiliations and interests under section 327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

On information and belief, the U.S. Trustee believes Consolidated is owned or controlled by Roger Forbes. Mr. Forbes scheduled as a party to a lease for debtor's premises at 1077 Market Street is also a member of Little Darlings, LLC which is the sole member of the debtor. Such connections should be disclosed to creditors.

Therefore, the U.S. Trustee objects to the assumption of the bookkeeper contracts, and requests this court deny the debtor's motion.

///

## II. SECTION 327 REQUIRES EMPLOYMENT OF CONSOLIDATED

Section 327 allows for the employment of professionals to assist the debtor-in-possession in carrying out duties. Section 327 requires court approval for the employment of "attorneys, accountants, appraisers, auctioneers, or other professional persons." The category "other professional persons" has been narrowed by case law to include real estate brokers (*In re Haley*, 950 F.2d 588 (9th Cir. 1991)), business consultant (*In re First Merchants Acceptance Corp.*, 1997 WL 873551 (D.Del. 1997), but exclude maritime engineer (*Matter of Seatrain Lines, Inc.*, 13 B.R. 980 (Bankr.D.N.Y. 1981)) and business consultant regarding nursing home policies (*In re CNH, Inc.,* 304 B.R. 177 (Bankr.M.D.Pa. 2004). Some courts have answered this question with a factual inquiry as whether the individual or entity is integral or central to the administration of the estate. *See, In re CNH, Inc.,* 304 B.R. at 179; *Matter of Seatrain Lines, Inc.,* 13 B.R. at 981. *See also, In re Semenza,* 121 B.R. 56 (Bankr.D.Mont. 1990).

Whether a bookkeeper performing all payroll and accounting functions, including the drafting, preparation, and completion of the monthly operating reports, is deemed a professional under section 327 is not clear. However, with guidance from the analyses by other courts of certain facts and duties, the question can be answered affirmatively for Consolidated and Compupay.

In *In re Semenza,* the court first considered whether the employee's function is related to the administration of the estate and then whether that employee in performance of their function was given discretion or autonomy. *In re Semenza,* 121 B.R. at 57. In *In re CNH, Inc.* the bankruptcy court concluded that the nursing consultant's duties and function, although may have been central to the administration of the estate, were not of a financial or legal nature that would require employment under section 327. *In re CNH, Inc.,* 304 B.R. at 181.

Here, the U.S. Trustee contends that the bookkeepers may be professionals under section 327 given the nature and function of services provided to the debtor. The debtor has "outsourced all its bookkeeping, accounting, and payroll functions" including the preparation of monthly operating reports. Certainly, monthly operating reports are integral and central to the administration of the chapter 11 estate and are of a financial nature that may call upon Consolidated to make certain

UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO ASSUME CERTAIN CONTRACTS
(BOOKKEEPING CONTRACTS) - 3 -

decisions concerning representation of assets, liabilities, expenses, and income. Creditors, the U.S. Trustee, and this court rely on the debtor's operating reports to ascertain the feasibility of reorganization and the financial condition of the debtor while attempting to reorganize. Unlike the alleged professional in *CNH*, Consolidated and Compupay provide financial information to the debtor that is central to the administration of the estate.

Further, Consolidated may also "perform special projects for the debtor" for an additional fee. The U.S. Trustee contends that the special projects may be professional in nature and thus, under the debtor's proposal, Consolidated would be paid without review by creditors, the U.S. Trustee, or to this court of the nature, extent, and cost of the special project. While the engagement letter contains language that Consolidated does not have discretion or autonomy, it is unclear whether the "special projects" may call upon Consolidated to exercise discretion.

According to the Declaration of Diana Webb, the debtor contends that the requirements of section 327 and the duties imposed by the Guidelines would be too burdensome for Consolidated to comply. While the practicalities of compliance with the Guidelines may be considered, the court must balance these practicalities with the interest of all parties to the case in full and complete disclosure.

### III. CONCLUSION

WHEREFORE, the U.S. Trustee respectfully objects to the assumption of the bookkeeper contracts, requests this court deny debtor's motion, and moves this court for any other relief as is appropriate.

Dated: June 5, 2006

Respectfully submitted,
Sara L. Kistler, Acting U.S. Trustee

By: *Julie M. Glosson #230709*
Trial Attorney for the U.S. Trustee