Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
155 Montgomery Street, Suite 1004
San Francisco, California 94104
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
ecf@stjames-law.com

Counsel for Debtor

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| In re | ) | Case No. 06-30118 TC |
| | ) | Chapter 11 |
| BIJOU-MARKET, LLC | ) | |
| | ) | |
| Debtor | ) | [No Hearing Required] |
| | ) | |

### APPLICATION FOR ORDER OF EXAMINATION
### (William Kwong and Minami, Lew & Tanaki, LLP)

The Application of Bijou-Market, LLC, Debtor and Debtor in Possession (the "Debtor") for an Order pursuant to Rule 2004 for the Examination of William Kwong and the person(s) most knowledgeable employed by Minami, Lew & Tanaki, LLP (the "Minami Firm") respectfully represents as follows:

1. On February 28, 2006 the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. No Trustee has been appointed, and the Debtor operates its business as Debtor in Possession pursuant to 11 U.S.C. § 1101 et seq.

2. The Debtor filed this Chapter 11 case in response to and in an effort to resolve two problems. First, changes in the operation of the Debtor's business caused it to lose money at a substantial rate in late 2005. Although the rate of loss has declined materially, the Debtor continues to lose money and requires an opportunity to reorganize its business under the protections of Chapter 11.

3. Second, the Debtor could not continue to litigate the claims asserted in *Roe 1 et al. v. Bijou-Market, et al.*, (the "State Court Litigation") brought by the Minami Firm as a purported class action. Although the State Court Litigation has been pending for three years, no order certifying the State Court Litigation as a class action was sought or obtained and the discovery phase had only just begun, the defendants have already expended more than $225,000 in attorneys fees. The cost of continuing to defend the State Court Litigation was clearly beyond the resources of the Debtor.

4. Moreover, the Debtor believed, based on the experience of similarly situated defendants, that the claims that might ultimately be submitted by the members of the purported class were the plaintiffs to prevail would be modest in the aggregate and materially less than, for example, the likely costs of defense. The Debtor therefore sought to use the Chapter 11 process to determine the universe of claims against it, including the claims of the underlying class members, in the expectation that it could propose a confirmable Plan that would put the State Court Litigation to rest.

5. Through its Motion to Set Claims Bar Date (the "Initial Claims Motion"), the Debtor sought to obtain an Order setting procedures for the giving of notice of a Claims Bar Date and determining that no Class Proof of Claim was allowable. At the final hearing on Initial Claims Motion, the Court declined to determine in advance appropriate noticing procedures, leaving it to the Debtor to provide such notice and establish such claims procedures as it deemed appropriate, and deferred ruling on whether a Class Proof of Claims should be allowed until the hearing on the Debtor's objection to the Minami Firm's anticipated class Proof of Claim.

6. The Court further indicated that its ruling on the ultimate issue – whether to allow the bankruptcy claims process or the class action litigation process to resolve the State Court Litigation – would depend in significant part on which procedure was more "claimant friendly" and beneficial to creditors, as demonstrated by the results of Debtor's efforts to give notice of the Claims Bar Date and to accommodate the legitimate interests of the claimants. Transcript of Hearing held on March 30, 2006, 27:10-12 ("this may ultimately come down to a sort of a beauty contest as [to] who can provide the best process."); 28:3-5 ("it's at least in part a beauty contest about what is the best thing to do for the creditors.")

7. When the Debtor gave notice of the claims bar date, it offered to and did include within the notice a description of the claims asserted in the State Court Litigation and contact information for a member of the Minami Firm (William Kwong) who was identified as a person claimants could contact to discuss their claims.

8. The Debtor has been advised that, following the issuance of the Debtor's notice and prior to the claims bar date, the Minami Firm conducted one or more educational meetings with potential claimants to discuss the claims they might assert against the Debtor ("Claimant Meetings").

9. As noted, the Court has identified the quality of the process for creditors as a key issue in this case. The Debtor submits that the Minami Firm has relevant information about that issue in at least three respects:

10. First, information about the number of inquiries made by potential claimants to the Mr. Kwong or the Minami Firm, information about Claimant Meetings conducted by the Minami Firm or of which the Minami Firm is aware, and information about mailings made by the Minami Firm to non-clients / prospective clients would all constitute relevant information about the quality of the process that claimants have enjoyed in this case. (The Debtor does not intend to attempt to invade an attorney-client privilege and will not inquire about the substance of any communication between the Minami Firm and any claimant client. The Debtor submits that the *existence* of communication, however, is not privileged.)

11. Second, potential claimants responding to the Debtor's notice may have advised representatives of the Minami Firm that they declined to retain the Minami Firm, did not wish to participate in the class action, preferred to file claims in the bankruptcy case by themselves, or preferred that the class action not go forward (collectively, information "Opposing the Class Process"). The Debtor submits that communications Opposing the Class Process are relevant, non-privileged and appropriately discoverable.

12. Third, the Minami Firm has indicated that it intends to file a Class Proof of Claim prior to the Claims Bar Date. If it does so, it would be appropriate to permit the Debtor to inquire of the Minami Firm regarding it.

13. Federal Rule of Bankruptcy Procedure 2004 contemplates that the Court may order the examination of any entity respecting

> the acts, conduct, or property… the liabilities and financial condition of the debtor, or… any matter which may affect the administration of the debtor's estate, [including] the operation of any business and the desirability of its continuance, the source of any money or property acquired to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan.

WHEREFORE, Applicant prays that the Court make and enter its Order for the Examination of William Kwong and the person(s) most knowledgeable employed by the Minami Firm.

DATED: June 16, 2006                    ST. JAMES LAW, P.C.


                                        By: /s/ *Michael St James* .
                                             Michael St. James
                                             Counsel for the Debtor