Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
155 Montgomery Street, Suite 1004
San Francisco, California 94104
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
ecf@stjames-law.com

Counsel for Debtor

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

BIJOU-MARKET, LLC

        Debtor

Case No. 06-30118 TC
Chapter 11

## APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT AND COMPENSATION OF APPRAISER
(Financial Strategies Consulting Group)

The Application of Bijou-Market, LLC, Debtor and Debtor-in-Possession, for an Order authorizing it to employ Financial Strategies Consulting Group as its appraiser herein ("Appraiser") respectfully represents as follows:

1. On February 28, 2006, Bijou-Market, LLC filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, initiating the above case. No Trustee has been appointed, and Bijou-Market, LLC operates its business as Debtor in Possession pursuant to 11 U.S.C. §1101 *et seq.*

## *Events Leading to the Bankruptcy Filing*

2. The Debtor operated two live adult theaters, the Market Street Cinema and LaGals on opposite sides of the 1000 block of Market Street in San Francisco (collectively, the "Clubs"). Since August of 2005, the Clubs have suffered substantial and continuing operating losses.

3. In August of 2006, the Debtor closed La Gals. The Debtor continues to operate the Market Street Cinema and bases its prospects for a successful reorganization on the Market Street Cinema, which constitutes its only material asset.

4. The Debtor commenced this case in response to the claims asserted in *Roe v. Bijou-Century, LLC et al.* prosecuted by the Minami, Lew & Tanaki law firm (the "Minami Firm"). That suit alleged that the manner in which the Debtor administered the Dancers at the Clubs violated various State wage and labor laws.

## *Developments in the Bankruptcy Case*

5. Following the commencement of this case, the Debtor sought to give notice of the Claims Bar Date to all former Dancers at the Clubs. Approximately $12.7 million in claims were filed by individual Dancers. The Minami Firm represented the bulk of the claimant Dancers, both by number and dollar amount. In addition, the Minami Firm filed a Class Proof of Claim in the amount of approximately $34 million.

6. The Debtor views the Minami Firm as representative of its principal creditor constituency, and believes that a consensual reorganization can occur only with the concurrence of the Minami Firm.

7. The Debtor believes that there are only two viable "exit strategies" in this case:

    a. The Market Street Cinema could be sold to a third party;

    b. A consensus could be reached about the value of the Market Street Cinema, and on the basis of that agreement a consensual Plan of Reorganization could be proposed which would provide creditors with at least that value.

8. The Debtor has opened a dialogue with the Minami Firm respecting these issues. The Debtor has suggested that it might be difficult timely to effect a sale of the Market Street Cinema, because the market for such businesses is somewhat "thin". The Minami Firm has tentatively agreed to explore whether a consensual reorganization is possible.

### *Appraiser*

9. The Debtor requires the assistance of appraiser who can afford the Debtor and the Minami Firm with candid insights into the value of the Market Street Cinema.

10. In order to ensure that the process would be credible and useful, the Debtor proposed that the Minami Firm explore possible appraisers and identify its preference. The Proposed Appraiser was identified by the Minami Firm as its preference.

11. The Debtor wishes to employ Financial Strategies Consulting Group, and specifically Greg Ansel, as its Appraiser herein. Information about the Appraiser is available on its website, www.fscg.com ; information about Mr. Ansel is attached hereto. The Debtor believes that the Appraiser and Mr. Ansel have substantial experience and expertise, and would competently and effectively act as an Appraiser for the estate. Mr. Ansel previously appraised the "Showgirls" Club on Broadway, a comparable business operated by an affiliate of the Debtor.

12. Appraiser has no connections with the Debtor, creditors, shareholders, parties in interest or employees of the Office of the United States Trustee, except as disclosed in the accompanying Declaration.

13. If employed, the Appraiser will be instructed candidly and directly to confer with the Minami Firm as well as the Debtor.

14. Since the initial focus of the Appraiser's efforts will be to assist the parties in reaching a consensus respecting value, the Appraiser has proposed the following compensation (the "Fees"):

    a.    Phase I will consist of investigation and analysis of available information, leading to a preliminary valuation conclusion. Phase I would also include conferring with representatives of the Debtor and the Minami Firm in an effort to assist the parties in reaching agreement respecting likely value. The Appraiser would charge a fee of $7,500 for Phase I, and would require reimbursement of direct expenses associated with Phase I efforts in the estimated amount of $750.

    b.    Phase II would consist of preparing a formal report and opinion, potentially for inclusion in a Disclosure Statement or other Court filing. Proceeding with Phase II is optional, and the incremental fee for Phase II would be $3,500.

15. The Debtor believes that the proposed Fees are fair, reasonable and appropriate.

16. The Debtor intends separately to give notice to creditors that it proposes to pay the proposed Fees, without the additional delay and expense of a fee application process. Following the giving of such notice, the Debtor intends to seek an Order authorizing it to pay the Appraiser's Fees without any further Order or proceeding.

17. Appraiser has not shared nor agreed to share any compensation paid or payable by the Debtor with any other entity.

WHEREFORE, Applicant prays that the Court make and enter its Order:

1. Authorizing and approving the employment of Appraiser;

2. Following notice to creditors, authorizing the Debtor to fund payment of the proposed Fees to the Appraiser; and

3. Granting such other and further relief as may be just and proper.

    Respectfully submitted,

    BIJOU-MARKET, LLC

    By    LITTLE DARLINGS OF SAN FRANCISCO, LLC
           Its Management Member

DATED:                       By_____
                                 Joseph Carouba, Managing Member