Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
155 Montgomery Street, Suite 1004
San Francisco, California 94104
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
ecf@stjames-law.com

Counsel for Debtor

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re ) Case No. 06-30118 TC
) Chapter 11
BIJOU-MARKET, LLC )
) DATE: November 17, 2006
Debtor ) TIME: 9:30 a.m.
) JUDGE: Hon. Thomas Carlson

## MOTION FOR AUTHORITY TO BORROW

COMES NOW Bijou-Market, LLC and moves the Court for an order authorizing it to borrow funds secured by a lien encumbering substantially all of the assets of the estate, and in support thereof respectfully represents as follows:

1. On February 28, 2006 Bijou-Market, LLC filed a Voluntary Petition for Reorganization under Chapter 11 of the Bankruptcy Code. No trustee has been appointed, and Bijou-Market, LLC operates its business as Debtor and Debtor in Possession pursuant to 11 U.S.C § 1101 *et. seq.*

*The Business*

2. As of the commencement of its bankruptcy case, the Debtor operated two live adult theaters located on opposite sides of the 1000 block of Market Street in San Francisco, the Market Street Cinema and La Gals.

3. In prior years, the Debtor's business was substantially profitable.

4. In August of 2005, in response to and as a prophylactic against allegations of prostitution, the Debtor installed cameras in its private booths in order to monitor conduct. This expedient essentially eliminated allegations of prostitution, but it had a substantial adverse effect on business: in the months following the installation of cameras, the Debtor experienced a substantial turnover among the Dancers working at the Clubs and a significant drop-off in revenues.

5. The Clubs have operated at a loss since August of 2005. Initially, the loss was in the range of $90,000 per month. During the seven months March through September, 2006 aggregated $344,174. Efforts to stabilize and improve the business have been successful, and September operations produced a modest profit, $7,802. The Debtor believes that it can operate going forward at an approximately break-even level to positive basis.

*Need for Borrowing*

6. The Debtor believes that it would be prudent for it to obtain a borrowing facility so as to enable it to fund any future losses, seasonal shortfalls or other expenses in excess of revenues. In addition, the Debtor is in the midst of a construction project intended to bring the Market Street Cinema's physical plant up to code, which requires it to expend cash in excess of ordinary operating expenses. Finally, the Debtor believes that it would be appropriate to fund payment of an Appraiser's Fees and to cure defaults with respect to its Workers Compensation Insurance policy, as discussed above. All of these needs for cash lead it to conclude that it would be appropriate to obtain a borrowing facility.

*Proposed Borrowing Facility*

7. Déjà Vu of San Francisco, LLC (the "Lender") has agreed to lend the Debtor such sums as it requires, up to an aggregate of $100,000, secured by a first priority lien on all of the Debtor's property, exclusive of causes of action arising under Section 542 – 551 of the Bankruptcy Code. Advances will bear interest at the rate of 1% over prime, adjusted quarterly. The Debtor shall be free to make

repayments from time to time as it has available cash. Although the Lender is free to stop advancing funds, the Lender may not make any effort to collect upon the loan without an Order of the Court. The Lender is an "affiliate" of the Debtor, in that it indirectly shares common owners.

WHEREFORE, the Debtor prays that the Court authorize it to borrow funds from Déjà Vu of San Francisco, LLC as described herein and grant it such other and further relief as may be just and proper.

DATED: October 30, 2006        ST. JAMES LAW, P.C.

By: /s/ *Michael St James* .
     Michael St. James
     Counsel for the Debtors